# UNITED STATES BANKRUPTCY COURT

### District of Delaware

In re: __Cambridge-Lee Holdings, Inc._____,  Case No. __09-14352 (KJC)_____
          Debtor                                              (if known)

## STATEMENT OF FINANCIAL AFFAIRS

      This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

      Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

      *"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

      *"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1.  Income from employment or operation of business**

None


State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

        AMOUNT                                      SOURCE

**2. Income other than from employment or operation of business**

None ☑

State the amount of income received by the debtor other than from employment, trade, profession, operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

AMOUNT                                                          SOURCE

---

**3. Payments to creditors**

*Complete a. or b., as appropriate, and c.*

None ☐

a. *Individual or joint debtor(s) with primarily consumer debts:* List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None ☑

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)*

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

(See attached Exhibit A)

None



c. *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

---

### 4. Suits and administrative proceedings, executions, garnishments and attachments

None



a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|

None



b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

---

### 5. Repossessions, foreclosures and returns

None



List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller, within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

4

**6. Assignments and receiverships**

None 
a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None 
b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE Of PROPERTY |
|---|---|---|---|

**7. Gifts**

None 
List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than $200 in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

**8. Losses**

None
List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case**. (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

**9. Payments related to debt counseling or bankruptcy**

None ☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

(See attached Exhibit B)

---

**10. Other transfers**

None ☑

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None ☑

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

---

**11. Closed financial accounts**

None ☑ 

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|

---

**12. Safe deposit boxes**

None 

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
| --- | --- | --- | --- |

**13. Setoffs**

None 

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
| --- | --- | --- |

**14. Property held for another person**

None ☑

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
| --- | --- | --- |

**15. Prior address of debtor**

None ☑

If debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
| --- | --- | --- |

**16. Spouses and Former Spouses**

None ☑

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

---

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law.

None ☑

a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
|---|---|---|---|

None ☑

c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
|---|---|---|

---

**18 . Nature, location and name of business**

None ☐

a. *If the debtor is an individual*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing

executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|------|------|------|------|

(See attached
Exhibit C)

None
☑    b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME             ADDRESS

---

The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

### 19. Books, records and financial statements

None
☐    a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS             DATES SERVICES RENDERED

(See attached Exhibit D)

None
☐    b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME             ADDRESS             DATES SERVICES RENDERED

(See attached Exhibit E)

None ☐ c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                ADDRESS

(See attached Exhibit F)

None ☐ d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                    DATE ISSUED

A.J. Gallagher & Co., 444 Madison Ave., New
York, NY 10022                         06/17/2009

### 20. Inventories

None ☑ a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DOLLAR AMOUNT
OF INVENTORY
DATE OF INVENTORY      INVENTORY SUPERVISOR      (Specify cost, market or other basis)

None ☑ b. List the name and address of the person having possession of the records of each of the inventories reported in a., above.

NAME AND ADDRESSES
OF CUSTODIAN
DATE OF INVENTORY                            OF INVENTORY RECORDS

### 21 . Current Partners, Officers, Directors and Shareholders

None ☑ a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS      NATURE OF INTEREST      PERCENTAGE OF INTEREST

None ☐ b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation.

NATURE AND PERCENTAGE
OF STOCK OWNERSHIP
NAME AND ADDRESS             TITLE

(See attached Exhibit G)

**22 . Former partners, officers, directors and shareholders**

None ☑ a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

NAME                    ADDRESS                    DATE OF WITHDRAWAL

None ☐ b. If the debtor is a corporation, list all officers or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

NAME AND ADDRESS            TITLE                    DATE OF TERMINATION

(See attached Exhibit H)

**23 . Withdrawals from a partnership or distributions by a corporation**

None ☑ If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**24. Tax Consolidation Group.**

None ☐ If the debtor is a corporation, list the name and federal taxpayer-identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

NAME OF PARENT CORPORATION        TAXPAYER-IDENTIFICATION NUMBER (EIN)

Cambridge-Lee Holdings, Inc.            04-3212123

**25. Pension Funds.**

None ☑ If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

NAME OF PENSION FUND        TAXPAYER-IDENTIFICATION NUMBER (EIN)

*   *   *   *   *   *

# *SUBJECT TO THE NOTES TO SCHEDULES AND STATEMENTS*

*[If completed by an individual or individual and spouse]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date _____     Signature of Debtor _____

Date _____     Signature of Joint Debtor (if any) _____

---

*[If completed on behalf of a partnership or corporation]*

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct to the best of my knowledge, information and belief.

Date     **12/22/2009**     Signature _____

Print Name and Title     Rafael Dávila Olvera - CFO

[An individual signing on behalf of a partnership or corporation must indicate position or relationship to debtor.]

**10** continuation sheets attached

*Penalty for making a false statement. Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

---

## DECLARATION AND SIGNATURE OF NON-ATTORNEY BANKRUPTCY PETITION PREPARER (See 11 U.S.C. § 110)

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required by that section.

_____     _____
Printed or Typed Name and Title, if any, of Bankruptcy Petition Preparer     Social-Security No. (Required by 11 U.S.C. § 110.)

*If the bankruptcy petition preparer is not an individual, state the name, title (if any), address, and social-security number of the officer, principal, responsible person, or partner who signs this document.*

_____
Address

_____     _____
Signature of Bankruptcy Petition Preparer     Date

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional signed sheets conforming to the appropriate Official Form for each person

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 18 U.S.C. § 156.*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

**In re Cambridge-Lee Holdings, Inc.**
Case No. 09-14352 (KJC) (Chapter 11)

## EXHIBIT A
## TO STATEMENT OF FINANCIAL AFFAIRS

### 3. Payments to creditors

b. *Debtor whose debts are not primarily consumer debts: List each payment or other transfer to any creditor made* within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,475. If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| Deloitte Tax LLP* P.O. Box 2079, Carol Stream, IL 60132-2079 | (a) 10/15/2009 | (a) $9,930.00 | $19,844.00 |
| Deloitte & Touche LLP* P.O. Box 7247-6446, Philadelphia, PA 19170-6446 | (a) 9/17/2009 (b) 10/15/2009 | (a) $25,500.00 (b) $25,500.00 | $111,100.00 |

---

* Although Cambridge-Lee Holdings, Inc. is the nominal party on the engagement letter, historically these are invoiced directly to subsidiaries for whose benefit services were rendered.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

**In re Cambridge-Lee Holdings, Inc.**
Case No. 09-14352 (KJC) (Chapter 11)

## EXHIBIT A
## TO STATEMENT OF FINANCIAL AFFAIRS
(Continuation Sheet)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|
| Hartford Financial Services[†] P.O. Box 415738, Boston, MA 02241-5738 | (a) 9/17/2009 (b) 9/24/2009 (c) 10/22/2009 (d) 11/4/2009 (e) 11/19/2009 (f) 11/25/2009 | (a) $4,692.44 (b) $160,191.00 (c) $160,191.00 (d) ($293,194.68) (e) $29,693.84 (f) $160,191.00 | $181,133.43 |
| Arthur J. Gallagher Risk Management[‡] P.O. Box 5429, New York, NY 10087-5429 | (a) 10/8/2009 (b) 10/15/2009 (c) 11/12/2009 (d) 12/3/2009 | (a) $360.00 (b) $5,000.00 (c) $100.00 (d) $296,826.25 | $ 0.00 |

---

[†] This policy which covers workers compensation was issued in the name of Cambridge-Lee Holdings, Inc. with all subsidiaries as additional insureds; however 100% of the benefit is for the account of the operating subsidiaries at which the employees are located and historically all costs are allocated to, and all payments, including those listed above, are made by, the subsidiaries who are the beneficiaries of the coverage.
[‡] Although Cambridge-Lee Holdings, Inc. is the nominal party on the engagement letter, historically these are invoiced directly to subsidiaries for whose benefit services were rendered.

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

In re Cambridge-Lee Holdings, Inc.
Case No. 09-14352 (KJC) (Chapter 11)

---

## EXHIBIT B
## TO STATEMENT OF FINANCIAL AFFAIRS

### 9. Payments related to debt counseling or bankruptcy

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of a petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYER IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| Milbank, Tweed, Hadley & McCloy LLP, 1 Chase Manhattan Plaza, New York, NY 10005 | DATE: 11/19/2009<br><br>PAYER: Industrias Unidas, S.A. de C.V. | $500,000.00 – Retainer applicable to both Cambridge-Lee Holdings, Inc. and its affiliated debtor Tubo de Pastejé, S.A. de C.V. |
| Pachulski, Stang, Ziehl & Jones LLP, 919 North Market Street, 17th Floor, Wilmington, DE 19899-8705 | DATE: 12/8/2009<br><br>PAYER: Industrias Unidas, S.A. de C.V. | $50,000.00 – Retainer applicable to both Cambridge-Lee Holdings, Inc. and its affiliated debtor Tubo de Pastejé, S.A. de C.V. |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

## EXHIBIT C
## TO STATEMENT OF FINANCIAL AFFAIRS

### 18. Nature, location and name of business

a. *If the debtor is a corporation*, list the names, addresses, taxpayer-identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent of more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
|------|--------------|---------|--------------------|----------------------------|
| Eagle Tube Industries, LLC (100%) | 20-8597518 | 1 Copper Drive, Peralta Industrial Park, Laredo, TX 78045 | Inactive | 3/2/2007 - present |
| United Copper Industries, Inc.[1] (97.01%) | 74-2601528 | 2727 Geesling Road, Denton, TX 76208 | Manufacturer | 11/23/1983 - present |

---

[1] United Copper Industries, Inc. holds a majority of the equity securities of UCI Land Development and Cambridge-Lee Industries, LLC, the latter of which, directly and indirectly, holds interests in further subsidiaries.

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

In re Cambridge-Lee Holdings, Inc.
Case No. 09-14352 (KJC) (Chapter 11)

## EXHIBIT D
## TO STATEMENT OF FINANCIAL AFFAIRS

### 19. Books, records and financial statements

a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

| NAME AND ADDRESS | DATES SERVICES RENDERED |
|---|---|
| Rafael Davila Olvera<br>Industrias Unidas, S.A. de C.V.<br>Reforma 2608, Lomas Altas<br>11950 Mexico, D.F., Mexico | Treasurer from 1/16/2009 to present |
| Charles Banham<br>Cambridge-Lee Industries, LLC<br>86 Tube Drive<br>Reading, PA 19605 | Secretary/Treasurer from 4/25/2003 to 1/15/2009 |
| Deloitte & Touche LLP<br>1700 Market Street<br>Philadelphia, PA 19103 | Prior to 12/2007 to present. |
| Deloitte Tax LLP<br>1700 Market Street<br>Philadelphia, PA 19103 | Prior to 12/2007 to present. |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

**In re Cambridge-Lee Holdings, Inc.**
Case No. 09-14352 (KJC) (Chapter 11)

## EXHIBIT E
## TO STATEMENT OF FINANCIAL AFFAIRS

### 19. Books, records and financial statements

b. List all firms or individuals who within **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

| NAME | ADDRESS | DATES SERVICES RENDERED |
|------|---------|-------------------------|
| Deloitte & Touche LLP (audit and review services) | 1700 Market Street Philadelphia, PA 19103 | Prior to 12/2007 to present. |
| Deloitte Tax LLP (tax audit services) | 1700 Market Street Philadelphia, PA 19103 | Prior to 12/2007 to present. |
| Global Tax Management, Inc. (tax return preparation) | 150 N. Radnor-Chester Rd. Suite C-200 Radnor, PA 19087 | Prior to 12/2007 to present. |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

**In re Cambridge-Lee Holdings, Inc.**
Case No. 09-14352 (KJC) (Chapter 11)

# EXHIBIT F
# TO STATEMENT OF FINANCIAL AFFAIRS

### 19. Books, records and financial statements

c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

| NAME | ADDRESS |
|------|---------|
| Rafael Davila Olvera | Industrias Unidas, S.A. de C.V.<br>Reforma 2608, Lomas Altas<br>11950 Mexico, D.F., Mexico |
| Cambridge-Lee Holdings, Inc. | 86 Tube Drive<br>Reading, PA 19605 |

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

<u>In re Cambridge-Lee Holdings, Inc.</u>
Case No. 09-14352 (KJC) (Chapter 11)

---

**EXHIBIT G
TO STATEMENT OF FINANCIAL AFFAIRS**

**21. Current Partners, Officers, Directors and Shareholders**

  b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls or holds 5 percent or more of the voting or equity securities of the corporation.

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|
| Tubo de Pastejé, S.A. de C.V., Km. 109 Carretera Panamericana, México-Querétaro, Jocotitlán, Estado de México | Parent corporation | 100% |
| Carlos Peralta Quintero c/o Industrias Unidas, S.A. de C.V., Paseo de la Reforma 2608, Colonia Lomas Altas, 11950, Mexico, D.F., Mexico | CEO & Director | 0% |
| Juan Carlos Peralta c/o Industrias Unidas, S.A. de C.V., Paseo de la Reforma 2608, Colonia Lomas Altas, 11950, Mexico, D.F., Mexico | VP & Director | 0% |
| Rafael Davila Olvera c/o Industrias Unidas, S.A. de C.V., Paseo de la Reforma 2608, Colonia Lomas Altas, 11950, Mexico, D.F., Mexico | CFO | 0% |
| Carlos Mochon Sacal c/o Industrias Unidas, S.A. de C.V., Paseo de la Reforma 2608, Colonia Lomas Altas, 11950, Mexico, D.F., Mexico | Secretary | 0% |

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

<u>In re Cambridge-Lee Holdings, Inc.</u>
Case No. 09-14352 (KJC) (Chapter 11)

## EXHIBIT H
## TO STATEMENT OF FINANCIAL AFFAIRS

### 21. Former partners, officers, directors and shareholders

b.  If the debtor is a corporation, list all officers or directors whose relationship
with the corporation terminated within **one year** immediately preceding the
commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|
| Carmen Arreola Steger<br>c/o Industrias Unidas, S.A. de C.V.,<br>Paseo de la Reforma 2608,<br>Colonia Lomas Altas, 11950,<br>Mexico, D.F., Mexico | Director | 1/15/2009 |
| Antonio Garcia Herranz<br>c/o Industrias Unidas, S.A. de C.V.,<br>Paseo de la Reforma 2608,<br>Colonia Lomas Altas, 11950,<br>Mexico, D.F., Mexico | VP & Director | 8/31/2009 |
| Charles Banham<br>c/o Cambridge-Lee Industries, LLC<br>86 Tube Drive<br>Reading, PA 19605 | Secretary &<br>Treasurer | 1/15/2009 |

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

**In re Cambridge-Lee Holdings, Inc.**
**Case No. 09-14352 (KJC) (Chapter 11)**

---

## NOTES TO SCHEDULES AND STATEMENT

On December 8, 2009 (the "Petition Date"), Tubo de Pastejé, S.A. de C.V. ("Tubo") and Cambridge-Lee Holdings, Inc. ("CLH" and, together with Tubo, the "Companies") filed voluntary petitions in this Court under chapter 11 of the Bankruptcy Code. The cases are jointly administered under Case No. 09-14353 (KJC). The Companies' Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "SOFA") have been prepared pursuant to 11 U.S.C. § 521 and rule 1007 of the Federal Rules of Bankruptcy Procedure by the management of the Companies with the assistance of the Companies' counsel. While the Companies have made reasonable efforts to ensure that the Schedules and SOFA are accurate and complete based on the information available at the time of preparation, subsequent information or discovery may result in material changes to the Schedules and SOFA, and inadvertent errors or omissions may exist. Moreover, because the Schedules and SOFA contain unaudited information that is subject to further review and potential adjustment, there can be no assurance that the Schedules and SOFA are complete. Furthermore, nothing contained in the Schedules or SOFA shall constitute a waiver of rights with respect to these chapter 11 cases.

Amendment. While reasonable efforts have been made to file complete and accurate Schedules and SOFA, inadvertent errors or omissions may exist. The Companies reserve the right to amend and/or supplement their Schedules or SOFA as is necessary and appropriate.

Causes of Action. The Companies, despite reasonable efforts, may not have identified and/or set forth all of their causes of action against third parties as assets on their Schedules and SOFA. The Companies reserve all of their rights with respect to any causes of action they may have, and neither the Schedules nor SOFA shall be deemed a waiver of any such causes of action.

Claims Description. Any failure to designate a claim on the Companies' Schedules or SOFA as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Companies that such amount is not "disputed," "contingent," or "unliquidated." Listing a claim on any of the Schedules does not constitute an admission as to (i) the secured or unsecured nature of a claim, (ii) the perfection or enforceability of any asserted lien, (iii) the value of any collateral, or (iv) the existence of the claim. The Companies reserve the right to dispute any claim reflected on their Schedules or SOFA on any grounds, including, but not limited to, amount, liability, or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated." The Companies reserve the right to object to any scheduled claims.

Executory Contracts. Listing a contract or agreement on Schedule G does not constitute an admission that such a contract or agreement is an executory contract or unexpired lease, or that such a contract or agreement was in effect on the Petition Date or is valid and enforceable. Any and all of the Companies' rights, claims, and causes of action with respect to contracts and agreements listed on Schedule G are hereby reserved and preserved.